UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:08-cr-0106-LRH-WGC |
| v. | |
| TANDY ANNE KERTANIS, | ORDER |
| Defendant. | |

Before the court are defendant Tandy Anne Kertanis' ("Kertanis") motion to stay self-surrender (Doc. #131) and motion to extend self-surrender date (Doc. #132).

In support of her motions, Kertanis contends that she, alone, is needed until at least April 2014, to care for her son, who underwent decompression surgery relative to a Chiari I malformation on October 2, 2013. Kertanis' counsel has submitted several copies of the child's post-surgery medical records, along with letters by a clinical social worker, in support of Kertanis' motions.

The court has reviewed the documents and pleadings on file and finds that a stay of Kertanis' self-surrender date is not warranted. The court noted in its previous order extending Kertanis' surrender date until after her child's surgery that it was "under the impression that the decompression surgery in question is normally successful and that afteraffects and recovery periods are not exceptional." Doc. #124. The medical records presented in support of the present motions do not contradict the court's impression. In fact, the medical records indicate that the "[s]urgery

went well and there was minimal blood loss"; that the child was transferred from surgery in stable condition; and that he was discharged from the hospital only six (6) days later on October 8, 2013. *See* Doc. #132, Exhibit A, p.3. A week later, on October 15, 2013, the child underwent a magnetic resonance imaging ("MRI") of his head, which did not show any post-surgical complications.

On November 11, 2013, the child had a follow-up with his surgical doctor in an out-patient capacity. At that follow-up, the child's doctor recommended monitoring the patient over the course of the next six months through a series of three MRIs: three weeks from the follow-up; three months from the follow-up; and finally six months from the follow-up. At the follow-up there was no indication of any complications from the surgery, nor any mention of unexpected aftereffects for the child's recovery.

As the court stated quite clearly in its last order, "no motions for further extensions will be considered without authenticated, competent, specific and non conclusory evidence" that the child's surgical recovery period and surgical aftereffects are medically exceptional. Doc. #124. The court finds that the present motions fail to meet this standard. There is simply no evidence before the court that the child's recovery period is so exceptional as to warrant a stay of Kertanis' self-surrender date. Especially in light of the fact that there are other family members involved in the child's life, including his father, who can take his son to these three non-intrusive MRI appointments. Accordingly, the court shall deny both her motion to stay self-surrender and motion to extend the self-surrender date until April 2014.

IT IS THEREFORE ORDERED that defendant's motion to stay (Doc. #131) and motion to extend self-surrender date (Doc. #132) are DENIED.

IT IS SO ORDERED.

DATED this 15th day of November, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2