UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TANDY ANNE KERTANIS,

    Defendant.

3:08-cr-0106-LRH-WGC

ORDER

Before the court is defendant Tandy Anne Kertanis's ("Kertanis") motion to reconsider the court's order denying her amended motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. #128[1]). Doc. #129. The United States filed an opposition to the motion. Doc. #130.

**I.    Facts and Procedural History**

On November 19, 2008, Kertanis was indicted on charges of bank fraud. *See* Doc. #1. On June 24, 2009, a superseding indictment was filed against Kertanis charging her with one count of bank fraud in violation of 18 U.S.C. §§ 1344(1) and (2); four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A; two counts of money laundering in violation of 18 U.S.C. § 1957; one count of access device fraud in violation of 18 U.S.C. § 1029(a)(2); and one count of committing an offense while on release in violation of 18 U.S.C. § 3147(1). Doc. #19.

---

[1] Refers to the court's docket number.

1  On August 20, 2012, Kertanis pled guilty to Count 2 of the indictment for aggravated identity theft in violation of 18 U.S.C. § 1028A and Count 5 of the indictment for money laundering in violation of 18 U.S.C. § 1957. *See* Doc. #64. Subsequently, on April 11, 2013, Kertanis was sentenced to fifty-seven (57) months for Count 5 and a consecutive twenty-four (24) months for Count 2 for a total sentence of eighty-one (81) months incarceration. *See* Doc. #88. Kertanis did not appeal her sentence.

On May 30, 2013, Kertanis filed a motion to vacate pursuant to 28 U.S.C. § 2255. Doc. #93. On July 17, 2013, Kertanis filed a motion to amend her motion to vacate (Doc. #113) which was granted by the court. Kertanis then filed her amended motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. #114) which was denied by the court (Doc. #128). Thereafter, Kertanis filed the present motion for reconsideration. Doc. #129.

**II.  Discussion**

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In a habeas action, a motion for reconsideration requires a showing that the court overlooked issues that may have materially influenced the court's prior decisions. *See e.g., Browder v. Director*, 434 U.S. 257, 270-71 (1978).

In her motion for reconsideration, Kertanis raises three challenges to the court's order denying her amended motion to vacate. First, Kertanis argues that the court erred in calculating the amount of loss suffered by non-party Wells Fargo Bank, N.A. ("Wells Fargo"), the victim of her bank fraud. Second, Kertanis argues that the court failed to consider the medical evidence concerning the health of her young son before determining her sentence. Finally, Kertanis argues

that the court erred in finding that venue lied within the District of Nevada. *See* Doc. #129. The court shall address each argument below.

**A. Amount of Loss Challenge**

In the court's order denying Kertanis's amended motion for post-conviction relief, the court found that Wells Fargo suffered an amount of loss in excess of $200,000 and that Kertanis was not entitled to several reductions in the court's amount of loss calculation. In particular, the court found that Kertanis was not entitled to a $23,500 reduction in her amount of loss calculation for return of a Toyota truck purchased with the fraudulently obtained funds because she did not return the vehicle until *after* Wells Fargo discovered the fraud. *See* Doc. #128, p.6 (citing Commentary 3(E) to U.S.S.G. §2B1.1 (stating that a defendant is entitled to a credit against the amount of loss for any money returned, including the fair market value of the property returned, by the defendant to the victim *before* the offense was detected) (emphasis added). Similarly, the court found that Kertanis was not entitled to a $180,000 reduction for the conduct of her civil attorney, Attorney Douglas Fermoile ("Attorney Fermoile"), because the alleged loss of those funds by Attorney Fermoile occurred after the bank fraud had been accomplished and, thus, was not a "new loss" within the meaning of *United States v. Hicks*, 217 F.3d 1038 (9th Cir. 2000).

Now, in her motion for reconsideration, Kertanis argues that the court misapplied the applicable law in calculating Wells Fargo's amount of loss related to her bank fraud. Specifically, Kertanis argues that *Hicks* allows for a reduction for *any amount* that the bank recovers, regardless of when that amount is recovered. *See* Doc. #129. The court disagrees and finds that Kertanis misinterprets *Hicks*. *Hicks* provides that "[i]n fraudulent loan application cases, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan." 217 F.3d at 1047. Here, the evidence establishes that Wells Fargo did not recover any amount from collateral pledged to secure the loan. In fact, there is no evidence before the court that any property - especially not the Toyota truck purchased with funds obtained from the fraud - was

3

1  pledged to secure the loan. As such, the court did not misapply the applicable law in calculating the
2  amount of loss in this action.

3      **B.  Medical Records**

4      Kertanis's second argument is that the court erred in failing to take into consideration her
5  son's medical records at sentencing. However, as identified in the court's prior order, the court
6  accepted and evaluated the medical records (composed of several letters from the son's pediatric
7  doctors, as well as an occupational therapy assessment) in determining Kertanis's ultimate
8  sentence. In fact, the court gave her son's health problems and Kertanis's "family obligation the
9  maximum credit" in fashioning her sentence. Doc. #71, p.59-60. For example, the recommended
10 sentence was at the high end of the sentencing guidelines, but the court sentenced Kertanis to the
11 low end of the guidelines despite the aggravated fraud she perpetrated on the court during the
12 prosecution of this action.

13     Additionally, contrary to Kertanis's newly raised argument, her son's medical records do
14 not establish that without her physical presence and personal care that his life is in danger. In her
15 motion, she claims that "[t]he evidence is overwhelming that [her son] cannot survive without his
16 mother!" Doc. #129, p. 9. But there is no such evidence. Rather, the evidence establishes that her
17 son is an at-risk child with serious, but manageable medical conditions that can be addressed by
18 other members of the family. As such, the court gave the medical evidence the weight it warranted
19 and fashioned a reasonable sentence under the totality of the circumstances.

20     **C.  Failure to File Motion to Dismiss Venue**

21     In her final argument, Kertanis argues that the court erred in finding that venue for her
22 crimes lay in the District of Nevada. As raised in her prior motion, Kertanis argues that her conduct
23 underlying both the aggravated identify theft charge and the underlying bank fraud charge occurred
24 solely in Connecticut. As such, she argues that only the District of Connecticut had jurisdiction and
25 venue over both charges. As addressed at length in the prior order, the court disagrees.
26 ///

1          Under Rule 18 of the Federal Rules of Criminal Procedure, a prosecution must be
2  conducted in the district in which the offense was committed. FED. R. CRIM. P. 18 ("Unless a
3  statute or these rules permit otherwise, the government must prosecute an offense in the district
4  where the offense was committed."). "[W]here the acts constituting the crime and the nature of the
5  crime charged implicate more than one location, venue is constitutionally permissible in more than
6  one district." *United States v. Reed*, 773 F.2d 477, 480 (2d Cir. 1985).
7          "[T]he appropriate test to apply in determining whether venue is constitutionally
8  permissible in this district is the 'substantial contacts' test set forth by the Second Circuit in *United*
9  *States v. Reed*, 773 F.2d 477 (2d Cir. 1985). The ultimate question of whether venue is proper in
10 any particular case depends on the nature of the crime charged and the location of the acts that
11 constitute the crime." *United States v. Bezmalinovic*, 962 F. Supp. 435, 437 (S.D. NY 1997). In
12 criminal prosecutions involving banking transactions, venue is proper in the district where funds
13 are received. *See United States v. Angotti*, 105 F.3d 539, 544 (9th Cir. 1997).
14         Here, Kertanis admitted, in both her signed plea agreement and her sworn testimony before
15 the court at her change of plea hearing, that Wells Fargo deposited $228,000 from her fraudulent
16 activity into a U.S. Bank account in Reno, Nevada. Doc. #65, p.7; Doc. #71, p.31. Further, Kertanis
17 admitted contacting Wells Fargo loan representatives by phone from Reno, Nevada, and receiving
18 and mailing loan documents from a Reno, Nevada address. Doc. #65, p.8-9; Doc. #71, p.30.
19 Finally, Kertanis admitted using the services of Peggy Hoffman, a U.S. Bank notary in Reno,
20 Nevada during and in the course of her fraudulent activity. Doc. #65, p. 8; Doc. #71, p.312. These
21 actions are not simply ministerial activities as Kertanis now claims, but are substantial conduct that
22 contributed to the ultimate success of her fraudulent conduct. Further, in the present motion,
23 Kertanis has failed to raise any new arguments or present any new evidence that was not previously
24 raised and addressed in the court's prior order. Thus, based on Kertanis's own admission, venue for
25 the prosecution of her crimes was proper in the District of Nevada. Accordingly, the court shall
26 deny her motion for reconsideration.

1   IT IS THEREFORE ORDERED that defendant's motion to reconsider (Doc. #129) is
2  DENIED.
3   IT IS SO ORDERED.
4   DATED this 6th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE